IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | **SEALED** |
|---|---|---|
| | § | |
| v. | § | No. 4:20CR64 |
| | § | Judge Jordan |



**FILED**

DEC 0 8 2021

Clerk, U.S. District Court
Eastern District of Texas

WILLIAM ALAN STEUART (15)

## SECOND SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation:  21 U.S.C. § 846 (Conspiracy
to Possess with the Intent to Distribute
Marijuana)

That from sometime in or about January 2010, and continuously thereafter up to

and including the date of this Second Superseding Indictment, in the Eastern District of

Texas and elsewhere,

Second Superseding Indictment/Notice of Penalty – Page 1



defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

### Count Two

> Violation:  21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute Hashish Oil)

That from sometime in or about January 2010, and continuously thereafter up to and including March 11, 2020, in the Eastern District of Texas and elsewhere,



**Second Superseding Indictment/Notice of Penalty – Page 2**



defendants, did knowingly and intentionally combine, conspire, and agree with each other

and other persons known and unknown to the United States Grand Jury, to knowingly

and intentionally possess with the intent to distribute 20 kilograms or more of a mixture

or substance containing a detectable amount of hashish oil, a violation of

21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

## Count Three

 Violation: 18 U.S.C. §§ 1956(h) and 2
(Conspiracy to Commit Money
Laundering and Aiding and Abetting)

That from sometime in or about January 2010, and continuously thereafter up to

and including March 11, 2020,



defendants, did knowingly combine, conspire, and agree together and with each other and

with other persons known and unknown to the grand jury to conduct or attempt to

conduct financial transactions:

**Second Superseding Indictment/Notice of Penalty – Page 3**

1.      knowing that the property involved in a financial transaction(s) represented the proceeds of some form of unlawful activity, conducted or attempted to conduct a financial transaction which in fact involved the proceeds of a specified unlawful activity, conspiracy or distribution or possession with the intent to distribute a controlled substance(s) with the intent to promote the carrying on a specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i);

2.      knowing that the property involved in a financial transaction or transactions represented the proceeds of some form of unlawful activity, conducted or attempted to conduct a financial transaction which in fact involved the proceeds of a specified unlawful activity, conspiracy or distribution or possession with the intent to distribute a controlled substance(s) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of that specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

3.      promoting the carrying on of a specified unlawful activity; or, to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity, conduct or attempt to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity; that is, conspiracy or distribution or possession with the intent to distribute a controlled substance(s), or property used to conduct or facilitate specified unlawful activity in violation of 18 U.S.C. § 1956(a)(3);

4.      involving criminally derived property of a value greater than $10,000 that is derived from a specified unlawful activity; that is, conspiracy or distribution or

possession with the intent to distribute a controlled substance(s) in violation of 18 U.S.C. § 1957.

All in violation of 18 U.S.C. § 1956(h).

### Count Four

Violation:  18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance
of a Drug Trafficking Crime)

In or about November 16, 2018, within the Northern District of Texas, ████████ ██████████, defendant, did knowingly possess a firearm, namely, a Glock 27, Serial Number BBMR514, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: conspiracy to possess with the intent to distribute marijuana and hashish oil.

In violation of 18 U.S.C. § 924(c).

### Count Five

Violation:  18 U.S.C. § 3 (Accessory
After the Fact)

In or about September of 2021, within the Eastern District of Texas and elsewhere, **William Alan Steuart**, defendant, knowing that an offense against the United States was committed, did knowingly and intentionally assist the offender in order to hinder and prevent his trial and punishment in violation of 18 U.S.C. § 3.

## Count Six

> Violation:  18 U.S.C. § 1512(b)(1)
> (Witness Tampering by Intimidation)

In or about September of 2021, within the Eastern District of Texas and elsewhere, **William Alan Steuart**, defendant, did knowingly and intentionally attempt to use intimidation and threats with the intent to influence, delay or prevent the testimony of individuals known to the Grand Jury in an official proceeding in violation of 18 U.S.C. § 1512(b)(1).

## Count Seven

> Violation:  18 U.S.C. § 1503(a)
> (Obstruction of Justice)

In or about September of 2021, within the Eastern District of Texas and elsewhere, **William Alan Steuart**, defendant, did knowingly and intentionally corruptly or by threatening communication endeavor to influence, obstruct or impede the due administration of justice in *United States v. Justin Luke Magnuson, et al* in the Eastern District of Texas by identifying individuals known to the Grand Jury as possible witnesses in the case in violation of 18 U.S.C. § 1503(a).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

As a result of committing the offense charged in this First Superseding Indictment, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982, 18 U.S.C. § 924(d) and 21 U.S.C. § 853, all property used to commit or facilitate the offenses, proceeds from the offenses, and property derived from proceeds obtained directly or indirectly from the offenses, including but not limited to the following:

**REAL PROPERTY**:

a.      All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 216 Main St., Nevada City, CA 95959, owned by ████████████████████████████████, more fully described as follows:  The land described herein is situated in the State of California, County of Nevada, City of Nevada City, described as follows:  Lots 4, 5, 6 and 12 in Block 12, city of Nevada City, as shown on the Official Map thereof made by H.S. Bradley in the year 1869.  EXCEPTING THEREFROM any portion thereof described in the deed dated July 2, 1945, recorded July 9, 1945, in book 98 of Official Records, at page 46, executed by Mabel E. Durst to Tom F. McGuire, et ux.  Tax ID: 005-391-028.

b.      All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 10587 Tobacco Rd., Nevada City, CA 95959, owned by Veronique Samson, more fully described as follows:  The real property in the unincorporated area of the County of Nevada, State of California, described as follows:  Parcel 1, as shown on Parcel Map #76-312, filed May 2, 1977, in Book 11, Page 135 of Parcel Maps, in the Office of the County Recorder of Nevada County, California.

TOGETHER WITH easements and rights of way as shown upon the Parcel Map filed on May 2, 1977, in Book 11 of Parcel Maps, at Page 135, Nevada County Records. ALSO, TOGETHER WITH for water pipeline purposes, as described in that certain Easement Deed recorded April 28,1986, Instrument No. 86-10042 Official Records. Commonly known as: 10587 Tobacco Road North San Juan, CA 95960. Tax ID: 060-330-019.

c.    All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 11786 Bystander Rd., Nevada City, CA 95959, owned by Paul R. Thompson and ███████████████, more fully described as follows:  The real property in the unincorporated area of the County of Nevada, State of California, described as follows:  The East 1/2 of the Northeast 1/4 of the Southwest 1/4 and the West 1/2 of the Northwest 1/4 of the southeast 1/4 of Section 9, Township 17 North, Range 8 East, M.D.B.& M.  Together with easements 60 feet in width for ingress, egress and utility purposes, as more particularly described in the following instruments: recorded May 21,1968 in Book 447, Pages 239, 241 & 242, Official Records; recorded August 4, 1980, Instrument No. 80-20476; recorded June 19,1981, Instrument No. 81-16174; and recorded August 31, 1981, Instrument No. 81-23353, Official Records.  Commonly known as: 11786 Bystander Rd., Nevada City, CA 95959.  Tax ID : 060-150-016.

d.    All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 12100 Scenic Dr., Nevada City, CA 95959, owned by Vyrideon, LLC, more fully described as follows:  The following described property in the unincorporated area of, County of Nevada, State of California:

PARCEL ONE: PARCEL 2, AS SHOWN ON PARCEL MAP NO. 76-132 FOR B.

BURDA, AS FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF

NEVADA ON NOVEMBER 15, 1977, IN BOOK 12 OF PARCEL MAPS, AT PAGE

33.  PARCEL TWO:  A NON-EXCLUSIVE EASEMENT FOR THE PURPOSE OF

MAINTAINING A BUILDING SETBACK AS DESCRIBED IN "BUILDING

SETBACK EASEMENT AND DEED RESTRICTION" RECORDED JULY 14, 2014

AS INSTRUMENT NO. 20140013071, OF OFFICIAL RECORDS AND MORE

PARTICULARLY DESCRIBED AS FOLLOWS:  BEGINNING AT A POINT ON THE

WESTERLY LINE OF PARCEL 1 OF THE MAP RECORDED IN BOOK 12 OF

PARCELS MAPS, AT PAGE 33, NEVADA COUNTY OFFICIAL RECORDS, FROM

WHICH THE SOUTHWEST CORNER THEREOF BEARS SOUTH 03 DEGREES, 43

MINUTES, 07 SECONDS EAST FOR A DISTANCE OF 228.81 FEET; THENCE

FROM SAID POINT OF BEGINNING, RUNNING ALONG SAID WESTERLY LINE

NORTH 03 DEGREES, 43 MINUTES, 07 SECONDS WEST FOR A DISTANCE OF

125.00 FEET; THENCE LEAVING SAID WESTERLY LINE AND BEARING

NORTH 86 DEGREES, 16 MINUTES, 53 SECONDS EAST FOR A DISTANCE OF

50.00 FEET; THENCE SOUTH 03 DEGREES, 43 MINUTES, 07 SECONDS EAST

FOR A DISTANCE OF 125.00 FEET; THENCE SOUTH 86 DEGREES, 16 MINUTES,

53 SECONDS WEST FOR A DISTANCE OF 50.00 FEET TO THE WESTERLY LINE

OF SAID PARCEL 1 AND THE POINT OF BEGINNING.  Tax ID: 060-150-063

      e.      All that lot or parcel of land, together with buildings, improvements,

fixtures, attachments and easements located at 12998 Tyler Foote Rd., Nevada City, CA

95959, owned by Keilb, LLC, more fully described as follows:  The land described herein is situated in the State of California, County of Nevada, unincorporated area, described as follows:  Parcel 4, as shown on the Parcel Map, filed February 24, 1971, in Book 2 of Parcel Maps, at Page 216, Nevada County Records.  Tax ID: 062-020-002

      f.      All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 17725 Wild Fern Place, Nevada City, CA 95959, owned by ▮▮▮▮▮▮▮▮▮, more fully described as follows:  The following described property in the City of Nevada City, County of Nevada, State of California: LOT 12 OF MONTEZUMA HILLS, AS SHOWN ON THE OFFICIAL MAP THEREOF, FILED IN NEVADA COUNTY ON OCTOBER 31, 1973, IN BOOK 4 OF SUBDIVISIONS, PAGE 60.  Tax ID: 062-270-002.

      g.      All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 18464 Columbia Rd., Nevada City, CA 95959, owned by ▮▮▮▮▮▮▮▮▮, more fully described as follows:  THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF NEVADA, INCORPORATED AREA, AND IS DESCRIBED AS FOLLOWS: PARCEL 4, AS SHOWN ON THE PARCEL MAP 92-09 FOR HOGAN, PYLE, BRACKETT & RADOVICH, AS FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF NEVADA ON FEBRUARY 8,1996, IN BOOK 18 OF PARCEL MAPS, AT PAGE 291.  Commonly known as: 18464 Columbia Rd., Nevada City, CA 95959.  Tax ID: 061-250-008.

h.      All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 19418 Tyler Foote Rd., Nevada City, CA 95959, owned by Cyndra McLeon and ███████ more fully described as follows: THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF NEVADA, UNINCORPORATED AREA, AND IS DESCRIBED AS FOLLOWS:  THE SOUTH ONE-HALF (1/2) OF THE SOUTH ONE-HALF (1/2) OF THE SOUTHWEST QUARTER (1/4) OF SECTION 28, TOWNSHIP 18 NORTH, RANGE 9 EAST, M.D.B.&M.  EXCEPTING THEREFROM ALL THAT PORTION THEREOF CONVEYED BY DEED DATED APRIL 2, 1880, RECORDED APRIL 9, 1988, IN BOOK 70 OF DEEDS, PAGE 234, EXECUTED BY J.A. CRAIG TO THE COUNTY OF NEVADA.  Tax ID: 061-100-005-000.

i.      All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 19668 Tyler Foote Rd., Nevada City, CA 95959, owned by Cyndra McLeod more fully described as follows:  THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF NEVADA, UNINCORPORATED AREA, AND IS DESCRIBED AS FOLLOWS: A PORTION OF THAT LAND DESCRIBED IN THE DEED TO JOHN TECKLIN, RECORDED AS DOCUMENT NO. 2007-0024893, OFFICIAL RECORDS, BEING A PORTION OF THE SOUTH 1/2 OF THE SOUTHWEST 1/4 OF SECTION 28, TOWNSHIP 18 NORTH, RANGE 9 EAST, M.D.B.& M., DESCRIBED AS FOLLOWS:  BEGINNING AT A POINT ON THE WESTERLY LINE OF SAID SECTION 28, FROM SWHICH THE SOUTHWEST CORNER THEREOF BEARS

SOUTH 00 DEGREE 37' 35" WEST FOR A DISTANCE OF 1299.11 FEET; THENCE

FROM SAID POINT OF BEGINNING NORTH 89 DEGREES 55' 19" EAST 1323.55

FEET; THENCE SOUTH 645.97 FEET; THENCE SOUTH 89 DEGREES 46' 11"

WEST 1330.66 FEET; THENCE NORTH 00 DEGREE 37' 35" EAST 649.55 FEET TO

THE POINT OF BEGINNING.  SAID PARCEL IS SHOWN ON THE RECORD OF

SURVEY FOR LOT LINE ADJUSTMENT FILED DECEMBER 15, 2008, IN BOOK

14 OF SURVEYS, AT PAGE 73.  TOGETHER WITH AN EASEMENT 40 FEET IN

WIDTH FOR INGRESS, EGRESS, PUBLIC AND PRIVATE UTILITIES, AND AN

EASEMENT 10 FEET IN WIDTH FOR INSTALLATION, USE OF AND

MAINTENANCE OF A WATER TANK AND ATTACHED WATERLINES, AND AN

EASEMENT 5 FEET IN WIDTH FOR INSTALLATION, USE OF AND

MAINTENANCE OF A WELL AND WATERLINES AND PUMPS ATTACHED

THERETO, AS SAID EASEMENTS ARE SET FORTH AND MORE

PARTICULARLY DESCRIBED IN THE GRANT DEED FOR LOT LINE

ADJUSTMENT, RECORDED DECEMBER 15, 2008, SERIES NO. 2008-0029846,

OFFICIAL RECORDS, AND ALSO SET FORTH AND SHOWN ON THE RECORD

OF SURVEY FILED DECEMBER 15, 2008, IN BOOK 14 OF SURVEYS, AT PAGE

73.  Tax ID: 061-100-077-000.

       j.     All that lot or parcel of land, together with buildings, improvements,

fixtures, attachments and easements located at 13173 Gray Ln. a/k/a 22862 Purdon Rd.,

Nevada City, CA 95959, owned by ▬▬▬▬, more fully described as follows:  THE

LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA,

COUNTY OF NEVADA, UNINCORPORATED AREA, AND IS DESCRIBED AS
FOLLOWS:  ALL THAT PORTION OF THE NORTHEAST CORNER OF SAID
SECTION 15, TOWNSHIP 17 NORTH, RANGE 8 EAST, M.D.B.&M., DESCRIBED
AS FOLLOWS:  BEGINNING AT THE NORTHEAST CORNER OF SAID SECTION
15; THENCE SOUTH 2 DEGREES 18 MINUTES EAST 653.74 FEET ALONG THE
EAST LINE OF THE NORTHEAST QUARTER; THENCE NORTH 89 DEGREES 34
MINUTES 56 SECONDS WEST 1285.53 FEET TO A POINT IN THE WEST LINE OF
THE NORTHEAST QUARTER OF THE NORTHEAST QUARTER; THENCE
NORTH 1 DEGREES 47 MINUTES 19 SECONDS WEST 649.36 FEET TO THE
NORTHWEST CORNER OF THE NORTHEAST QUARTER OF THE NORTHEAST
QUARTER OF SAID SECTION 15; THENCE SOUTH 89 DEGREES 46 MINUTES
EAST 1279.54 FEET TO THE POINT OF BEGINNING.  Tax ID: 062-190-003

k.      All that lot or parcel of land, together with buildings, improvements,
fixtures, attachments and easements located at 23085 Purdon Rd., Nevada City, CA
95959, owned by Hart Development, LLC, more fully described as: the land described
herein is situated in the State of California, County of Nevada, unincorporated area,
described as follows:  THE WEST HALF OF THE SOUTHWEST QUARTER OF
SECTION 11, TOWNSHIP 17 NORTH, RANGE 8 EAST, M.D.B.& M.  EXCEPTING
THEREFROM ALL THAT PORTION CONVEYED FROM VINCENT BELLETT TO
JAMES B. COCHRAN, ET UX, RECORDED JULY 31,1969, IN BOOK 482, PAGE
160, OFFICIAL RECORDS.  Together With an easement 50 feet wide for access (ingress
and egress) road and utility purposes across portions of Sections 10 & 11, Township 17

North, Range 8 East, M.D.B.&M., in the unincorporated portion of Nevada County, California. Together with the right to construct and improve said road and utility services. The centerline of said easement being more fully described as follows:  Beginning at a point in the centerline of Tyler Foote Crossing Road from which the West 1/4 corner of Section 11, Township 17 North, Range 8 East, M.D.B.&M., bears South 74 degrees 40' 46" E. 1433.73 feet; thence along the centerline of Purdon Road the following 11 courses: 1) thence from said point of beginning along the centerline of Purdon Road South 51 degrees 46' 49" East 51.12 feet to a tangent curve to the left with a radius of 100 feet;  2) thence Southeasterly along said curve to the left through a Delta angle of 17 degrees 24' 23", an arc length of 30.38 feet to a tangent reverse curve to the right with a radius of 775 feet;  3) thence along said reverse curve through an Delta angle of 14 degrees 46' 52" an arc length of 199.93 feet to a tangent compound curve to the right with a radius of 325 feet; 4) thence along said compound curve through a Delta angle of 29 degrees 24' 58" an arc length of 166.86 feet to a tangent reverse curve to the left with a radius of 180 feet;  5) thence along said reverse curve through a Delta angle of 51 degrees 08' 10" an arc length of 160.65 feet to a tangent reverse curve to the right with a radius of 300 feet;  6) thence along said reverse curve through a Delta angle of 24 degrees 14' 26" an arc length of 26.92 feet;  7) thence South 51 degrees 53' 06" East 175.39 feet to tangent curve to the right with a radius of 75 feet, 8) thence along said curve through a Delta angle of 5 degrees 21' 18" an arc length of 7.01 feet to the intersection with the centerline of Whittlesey Lane, (point A) thence continuing along said curve through a Delta angle of 77 degrees 11' 16" an arc length of 101.04 feet for a total angle of 82

degrees 32' 34" and a total are length of 108.05 feet to a tangent reverse curve to the left with a radius of 200 feet; 9) thence along said reverse curve through a Delta angle of 36 degrees 26' 11" an arc length of 127.19 feet to a tangent compound curve to the left with a radius of 100 feet; 10) thence along said compound curve through a Delta angle of 44 degrees 14' 39" an arc length of 77.22 feet to a tangent reverse curve to the right with a radius of 250 feet; 11) thence along said reverse curve through a Delta angle of 17 degrees 01' 04" an are length of 74.25 feet to the intersection with the centerline of Whittlesey Mountain Way; thence along Whittlesey Mountain Way with the side lines extended to maintain the fifty foot right of way, the following 7 courses, beginning with course 12 through course 18, (said point in the centerline of Purdon Road from which the West 1/4 corner of Section 11, Township 17 North, Range 8 East, M.D.M.&B. bears North 50 degrees 04' 21" East 767.26 feet); thence from said point of intersection North 76 degrees 28' 33" East 10 feet to a tangent curve to the left with a radius of 75 feet; 13) thence Northeasterly along said curve to the left through a Delta angle of 74 degrees 00' 04", an arc length of 96.87 feet to a tangent reverse curve to the right with a radius of 75 feet; 14) thence along said curve through a Delta angle of 120 degrees 43' 05" an arc length of 158.02 feet; 15) thence South 56 degrees 48' 26" East 182.18 feet to tangent curve to the right with a radius of 200 feet; 16) thence along said curve through a Delta angle of 25 degrees 52' 22" an arc length of 90.31 feet, 17) thence South 30 degrees 56' 04" East 213.52 feet to a tangent curve to the left with a radius of 200 feet 18) thence along said curve through a Delta angle of 47 degrees 46' 48" an arc length of 166.78 feet more or less to the West line of West half of the Southwest quarter of Section 11,

Township 17 North, Range 8 East, M.D.B.&M.; Also Known as: 23085 Purdon Road,

Nevada City, CA.  Tax ID: 062-030-014.

      l.     All that lot or parcel of land, together with buildings, improvements,

fixtures, attachments and easements located at 14594 South Ponderosa Way, Grass

Valley, CA 95949, owned by ███████████████, more fully described as follows:

PTN PCL 2 PM 12/155 Tax ID: 053-210-019-000.

      m.     All that lot or parcel of land, together with buildings, improvements,

fixtures, attachments and easements located at 12421 Silver Springs Place, Grass Valley,

CA 95949, owned by █████████████, more fully described as follows:  PCL 1

PM 16/91 Tax ID: 055-050-057-000.

**CURRENCY**:

      a.     $976,111.00 in U.S. currency, seized from ██████████████

████

      b.     $502,170.00 in U.S. currency, seized from █████████████

████

**AIRCRAFT**

      a.     2005 Gulfstream 200, Serial Number 120, Registration Number N200GN,

registered to Magair LLC, seized from ████████████.

      b.     1980 Falcon 10, Serial Number 158, registered to Falcon 10 Flyers LLC,

seized from ████████████

**VEHICLES**

a.    2012 Ford, license plate number 02765H1, VIN#1FTEX1R61CFB55771,

seized from ████████████████

b.    2012 Toyota, license plate number 04222G1,

VIN#3TMLU4EN4CM087691, seized from ████████████████.

c.    2018 GM pickup, license plate number 045E28,

VIN#1GT42YEY9JF229039, seized from ████████████████████

d.    1985 Land Rover, license plate number LND8381,

VIN#SALLDVAC8AA236143, seized from ████████████████

A TRUE BILL


_____
GRAND JURY FOREPERSON


BRIT FEATHERSTON
UNITED STATES ATTORNEY


_____            _____
HEATHER RATTAN                                             Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA

v.



WILLIAM ALAN STEUART (15)

§
§
§
§

§
§
§
§
§
§
§

**SEALED**

No. 4:20CR64
Judge Jordan

## Count One

Violation:     21 U.S.C. § 846

Penalty:     If 1000 kilograms or more of a mixture or substance containing a detectable
amount of marijuana -- not less than 10 years and not more than life
imprisonment, a fine not to exceed $10 million, or both; supervised release
of at least five years.

Special Assessment:  $100.00

### Count Two

<u>Violation:</u>    21 U.S.C. § 846

<u>Penalty:</u>    If 20 kilograms or more of a mixture or substance containing a detectable amount of hashish oil -- not less than 10 years and not more than life imprisonment, a fine not to exceed $10 million, or both; supervised release of at least five years.

Special Assessment:  $100.00

### Count Three

<u>Violation:</u>    18 U.S.C. § 1956 (h)

<u>Penalty:</u>    Not more than 20 years imprisonment; a fine not to exceed $250,000 or twice the pecuniary gain or loss, and a term of supervised release of not more than 3 years if the conspiracy is to violate 18 U.S.C. § 1956(a)(1)(A)(i) or (a)(1)(B)(i);

<u>Penalty:</u>    Not more than 10 years imprisonment; a fine not to exceed $250,000 or twice the pecuniary gain or loss, and a term of supervised release of not more than 3 years if the conspiracy is to violate 18 U.S.C. § 1957

Special Assessment:  $100.00

### Count Four

<u>Violation:</u>    18 U.S.C. § 924(c)

<u>Penalty:</u>    Imprisonment for not less than five years to be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00, or both; a term of supervised release of not more than three years.

Special Assessment:  $100.00

### Count Five

<u>Violation:</u>    18 U.S.C. § 3

<u>Penalty:</u>    Imprisonment for not more than one-half the maximum term of imprisonment or fined not more than one-half the maximum fine prescribed for the punishment of the principal, or both; or if the principal is punishable

by life imprisonment or death, the accessory shall be imprisoned not more than 15 years, a term of supervised release of at least five years.

In this case, the principal's punishment range is not less than 10 years and not more than life imprisonment, a fine not to exceed $10 million, or both; supervised release of at least five years.

Special Assessment:  $100.00

## Count Six

Violation:       18 U.S.C. § 1512(b)(1)

Penalty:         If the offense occurs in connection with a trial of a criminal case, the maximum term of imprisonment which may be imposed for the offense shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.

In this case, not less than 10 years and not more than life imprisonment, a fine not to exceed $10 million, or both; supervised release of at least five years.

Special Assessment:  $100.00

## Count Seven

Violation:       18 U.S.C. § 1503

Penalty:         Imprisonment for not more than ten years to be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00, or both; a term of supervised release of not more than three years.

Special Assessment:  $100.00